UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ARNELL DUBOSE and | ) | |
| HANNALORE DUBOSE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 06-0619-BH-B |
| STATE FARM INSURANCE COMPANY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This action is before the Court on a number of motions, including: (1) the motion (Docs. 29-30) for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) filed by State Farm Fire and Casualty Company ("State Farm"), a defendant herein, in its capacity as a Write-Your-Own ("WYO") Program Carrier for the National Flood Insurance Program ("NFIP"); (2) the motion (Doc. 37) filed by the plaintiffs to limit the affirmative defenses asserted by State Farm; (3) the motion for summary judgment (Docs. 33-35) filed by State Farm and Harley Dilday, the remaining defendant herein; and (4) the motion (Doc. 47) filed by State Farm and Dilday for permission to exceed the page limitations of Local Rule 7.1(b) with respect to their reply (Doc. 48) to plaintiffs' opposition to their motion for summary judgment.

**Motion to Exceed Page Limitations (Doc. 48)**

Before broaching the more difficult issues, the Court first concludes and it is therefore **ORDERED** that the motion to exceed the page limitations is due to be and is hereby **GRANTED**.

**Motion to Limit Affirmative Defenses (Doc. 37)**

The Court has next considered plaintiffs' motion to limit the affirmative defenses asserted by State Farm together with State Farm's response in opposition thereto, the parties' Rule 26(f) Report (Doc. 8), and all other pertinent portions of the record.  The Court concludes and it is therefore **ORDERED** that plaintiffs' motion is due to be and is hereby **DENIED**.  Plaintiffs appear to have been adequately apprised of the basis for each of State Farm's affirmative defenses despite State Farm's failure to be more forthright in its answers to plaintiffs' interrogatories.

**Motion for Judgment on the Pleadings (Doc. 29)**

Upon consideration of State Farm's motion pursuant to Fed.R.Civ.P. 12(c) for a judgment on the pleadings regarding all plaintiffs' state law claims, "including but not limited to the claims for interest, attorney's fees, mental anguish, incidental damages and all other state law claims," together with plaintiffs' response in opposition thereto (Doc. 39), State Farm's reply (Doc. 48-2), plaintiffs' response (Doc. 54) to the Court's Order of July 26, 2007, and all other pertinent portions of the record, the Court concludes that State Farm's motion is due to be granted.  This conclusion is based in part on plaintiffs concessions and in part on federal preemption of plaintiffs' fraud claim as set forth in State Farm's briefs (Docs. 30 and 48-2).

As to the former, plaintiffs have conceded that their allegation of bad faith in the adjustment of their claim for benefits under the flood insurance policy at issue, as set forth in Count Two of the Complaint, is due to be dismissed. Similarly, plaintiffs have conceded that their claim for pre-judgment interest is due to be dismissed pursuant to *Newton v. Capital Assurance Co., Inc.*, 245 F.3d 1306 (11th Cir. 2001).

Plaintiffs' fraud claim is set forth in Count Five of their complaint as: "Mr. Dilday advised the Plaintiffs that their entire losses would be covered by the flood insurance and that everything would be put back the way it had been before the hurricane." (Complaint at p. 7.)   According to the plaintiffs, Mr. Dilday made this statement "[d]uring the course of adjusting the claim." (Opposition Brief, Doc. 39, at p. 2.)  Plaintiffs have conceded that the Standard Flood Insurance Policy (the "SFIP") at issue in this case contain the following provision concerning "What Law Governs," which was made effective December 31, 2000 pursuant to federal regulations:

> Article IX -What Law Governs
>
> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 V.S.C. § 4001, et seq.) and Federal common law.

Plaintiffs' Response (Doc. 54) to the Court's Order of July 26, 2007, at ¶ 1.  Plaintiffs do not dispute that FEMA's rationale in promulgating Article IX was as follows:

> [SFIP]s are sold by a number of private Write Your Own (WYO) insurance companies and directly to the public by the Federal Insurance Administration. ...The Administrator intends that the same benefits should be available to insureds wherever the insured property is located, or whether the policy is purchased from a WYO insurance company or from

3

> the Federal Government. Thus, there is a need for uniformity
> in the interpretation of and standards applicable to the policies
> and their administration. Therefore, we have clarified the
> Policy language pertaining to jurisdiction. venue and
> applicable law to emphasize that matters pertaining to the
> Standard Flood Insurance Policy, including issues relating to
> and arising out of claims handling, must be heard in Federal
> Court and are governed exclusively by Federal law.

*Hayes v. Allstate Insurance Co.*, Docket No. CV-03-PT-3343-S (N.D. Ala. June 14, 2004, adopted by the Court on July 12, 2004), herein Doc. 30-2, at 4-5, citing 65 Fed. Reg. 34826-27 (2000) (underlining in original). Plaintiffs simply argue that they should be permitted to pursue their fraud claim because "there is no conflict with federal common law insofar as holding the private WYO carrier and its personnel responsible for their conduct if there was damage to the Plaintiffs as a result of that conduct." Plaintiffs' Response (Doc. 54) to the Court's Order of July 26, 2007, at ¶ 2. No other court has accepted this view, which is clearly in derogation of not only the policy actually issued to the plaintiffs in this case but to the governing federal law and regulations which make possible the very existence of such insurance coverage,[1] and neither will this Court. Plaintiffs' state law claims arise solely by virtue of Mr. Dilday's conduct "[d]uring the course of adjusting the claim." (Opposition Brief, Doc. 39, at p. 2.) As such, these claims are preempted by Federal Law and due to be dismissed. It is, therefore,

**ORDERED** that State Farm's motion (Doc. 29) pursuant to Fed.R.Civ.P. 12(c) for a

---

[1] It is undisputed that the NFIP is a child of the U. S. Congress, administered by FEMA and the Federal Insurance Administration ("FIA"), and underwritten by the U.S. Treasury. All flood loss claims presented under the NFIP are paid directly with U.S. Treasury funds. *See* 44 C.F.R. Pt. 62, App. A, Art. III(D)(1), and *Gowland v. Aetna*, 143 F.3d 951, 955 (5th Cir. 1998).

judgment on the pleadings regarding all plaintiffs' state law claims be and is hereby **GRANTED** for the reasons stated by State Farm.

### Motion for Summary Judgment (Doc. 33)

Defendants' motion for summary judgment is predicated solely on the following undisputed or uncontradicted facts and conclusions of law:

1. Plaintiffs are the holders of a National Flood Insurance Program (NFIP) Standard Flood Insurance Policy (SFIP) issued by Defendant, State Farm, that was in full force and effect at the time of Hurricane Katrina on or about August 28/29, 2005. The policy has building limits of $250,000.00, and contents limits of $27,600.00 with a $500.00 deductible on both building and contents. The address of the covered property is 3328 Harborview Drive, Mobile, Alabama. The full text of the Plaintiffs' SFIP is as found at 44 C.F.R. Pt. 61, App. A(1)(2004).

2. State Farm, issued the Plaintiffs' SFIP as a Write-Your Own (WYO) Program carrier, and pursuant to an "Arrangement" with the federal government, the text of which is found at 44 C.F.R. Pt. 62, App. A.   State Farm's role in the NFIP is to act as the "fiscal agent" and "fiduciary" of the United States. 42 U.S.C. §4071(a)(1) and 44 C.F.R. Pt. 62.23(f).  No other policy of insurance is at issue in this litigation.

3. During Katrina, Plaintiffs' insured property suffered damage due to flood.  Thereafter, Plaintiffs filed a claim for benefits under their SFIP with State Farm.

4. State Farm assigned an adjuster, Harley Dilday, to the Plaintiffs' claim as "a matter of courtesy only," as per the terms of the Plaintiffs' SFIP, which provides:

> 7. The insurance adjuster whom we hire to investigate your claim may furnish you with a proof of loss form, and she or he may help you complete it. However, this is a matter of courtesy only, and you must still send us a proof of loss within 60 days after the loss even if the adjuster does not furnish the form or help you complete it.

44 C.F.R. §62 App. A(1), Art. VII(J)(7).

5.  Plaintiffs' insured property is a post-firm elevated building and the coverage limitations of Article III(A)(8) and III(B)(3) of the SFIP apply.

6.  During the adjustment process, State Farm determined that the proper payment amount of the Plaintiff's claims was $32,544.73 for Coverage A (building) and $952.90 for Coverage B (contents). Plaintiffs were issued a check in the amount $12,824.01 on October 18, 2005. Plaintiffs were issued a check in the amount of $20,673.62 on December 21, 2005.

7.  Plaintiffs and State Farm disagree over the Defendant's adjustment, settlement and payment of the Plaintiffs' claim.  The parties also disagree over whether further federal benefits are payable upon the Plaintiffs' claim. Plaintiffs' lawsuit seeks further benefits under the Plaintiffs' SFIP, beyond the amounts previously paid to the Plaintiffs as mentioned above.  However, Plaintiffs' lawsuit was filed in breach of SFIP Article VII(J)(4) and VII(R).

8.  Article VII(J)(4) of SFIP unequivocally states as follows:

> Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
> a. The date and time of loss;
>
> b. A brief explanation of how the loss happened;

6

   c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property:

   d. Details of any other insurance that may cover the loss;

   e. Changes in title or occupancy of the covered property during the term of the policy;

   f. Specifications of damaged buildings and detailed repair estimates;

   g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;

   h. Details about who occupied any insured building at the time of the loss and for what purpose; and

   i. The inventory of damaged personal property described in J.3 above.

44 C.F.R. Pt. 61, App. A.(1). Although Plaintiffs argue that they essentially supplied State Farm's adjuster, Harley Dilday, with all that information and/or it was otherwise included in State Farm's claims file, Plaintiffs have neither alleged nor proffered any evidence that they submitted the required signed and sworn proof of loss within the time permitted for such claims.[2]

  9. In view of Plaintiffs' breach of SFIP Article VII(J)(4), this lawsuit was filed in breach of Article VII(R), which provides, in pertinent part: "You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy." Consequently, State Farm is entitled to judgment in its favor. *Sanz v. U. S.*

---

  [2] Nor is there any evidence in this record that the Plaintiffs ever signed Dilday's report and thus could utilize an escape mechanism available pursuant to Article VII (J)(9) of the SFIP, which provides, in pertinent part: "At our option, we may accept the adjuster's report of the loss instead of your proof of loss . . . [but] [y]ou **must sign the adjuster's report**." 44 C.F.R. Pt 61, App. A(1).

*Security Ins. Co.*, 328 F.3d 1314 (11th Cir. 2003).  *See also*, *Mancini v. Redland*, 248 F.3d 729, 735 (8th Cir. 2001)(In strict construction of the SFIP requirements, failure to timely file a proof of loss as mandated by Article VII(J)(4), "divests a non-complying insured of the right to sue.")

## CONCLUSION AND ORDER

For the reasons stated above, it is **ORDERED** that State Farm's motions (Doc. 29 and 33) for a judgment on the pleadings and for summary judgment be and are hereby **GRANTED** and that **JUDGMENT** be entered in favor of the Defendants, State Farm Insurance Company and Harley Dilday, and against the Plaintiffs, Arnell Dubose and Hannelore Dubose, the plaintiffs to have and recover nothing of the defendants.  No costs are to be taxed.

**DONE** this 14th day of December, 2007.

                                              s/ W. B. Hand
                                              SENIOR DISTRICT JUDGE